IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TITI PIERCE,                                    )
                                                )
        Plaintiff,                              )
                                                )        Case No. 5:16-cv-00207-LJA
v.                                              )
                                                )
WARNER BROS.                                    )
ENTERTAINMENT, INC.                             )
                                                )
        Defendant.                              )

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE
## TO AMEND COMPLAINT AND BRIEF IN SUPPORT

Plaintiff Titi Pierce moves this Court for leave to amend her complaint under Federal

Rule of Civil Procedure 15.  Defendant does not oppose this motion.

With her amendment, Plaintiff seeks to clarify two of her claims in response to

Defendant's motion to dismiss.  Allowing the amendment would not cause any delay or

prejudice to Defendant.  Rather, justice requires the amendment because it would permit her

claims to be heard on their merits.  A proposed First Amended Complaint is attached hereto.

### FACTUAL AND PROCEDURAL BACKGROUND

Concurrently with this motion, Ms. Pierce has filed a response to Defendant's motion to

dismiss, and incorporates her factual background in this motion.  Because undue delay can be a

factor in denying a motion for leave to amend, Ms. Pierce reiterates here that she has sought

leave to amend in response to Defendant's motion to dismiss.  Defendant filed a motion to

dismiss on August 2, 2016.  [Doc. 6].  The parties jointly moved for an extension of time until

September 30, 2016 for Ms. Pierce to respond to that motion, and the Court entered an order

1

granting that extension. [Doc. 10]. Discovery in the case is stayed pending a ruling on Defendant's motion to dismiss. [*Id.*].

## ARGUMENT AND CITATION OF AUTHORITY

In exercising its discretion to allow an amendment to a pleading, the Court is guided by Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) states that "[t]he court should freely give leave when justice so requires." As the Supreme Court has reasoned, a plaintiff "ought to be afforded an opportunity to test [her] claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding district court abused discretion in denying plaintiff leave to amend complaint to add claim after motion to dismiss was filed). This Court recognizes that standard and has held that "in the absence of any apparent reason not to, leave to amend should be freely granted." *Turner v. Ga. Sec'y of State*, 2011 WL 4454934, at *1 (M.D. Ga. Sept. 23, 2011). In *Turner*, the court responded to the defendant's objections to the amended complaint noting that although many of the factual allegations that were added may not have been "directly stated" in the initial complaint, the defendants did not point to any allegations that were not explored during discovery or to new claims that did not exist during discovery. 2011 WL 4454934, at *2. The court denied the defendant's objections to the amended complaint. *Id.*

On the other hand, when there has been undue delay in seeking to amend a complaint, leave may be properly denied. For instance, in *Hargett v. Valley Federal Savings Bank*, the plaintiff waited to add a retaliation claim when the facts showed that the plaintiff had knowledge of that claim before the pretrial order was entered but did not seek to amend the complaint to add a claim until more than eight months after the pretrial order and almost ten months after having knowledge of the claim. 60 F.3d 754, 761 (11th Cir. 1995). In that case, the Eleventh Circuit held that the district court did not abuse its discretion in denying the amendment. *Id.*

Here, however, Ms. Pierce has promptly sought to amend her complaint in order to directly state certain facts that Defendant has claimed do not exist in the current complaint. Discovery has not started—indeed, the parties have stayed discovery—so Defendant is not prejudiced by the proposed amendment. Ms. Pierce has not sought to add any new claims; only to clarify certain factual allegations in response to Defendant's motion to dismiss.

## I. Ms. Pierce seeks to clarify that she pleads the false light invasion of privacy claim in the alternative

Ms. Pierce seeks to add just one paragraph to her false light invasion of privacy claim. The proposed newly numbered Paragraph 65 states: "This Count is made in the alternative to Count III for Defamation and is made in the event that the jury determines the Segment is not defamatory." Federal Rule of Civil Procedure 8 expressly permits a plaintiff to plead in the alternative or even inconsistently. A sister federal district court has recognized that under Georgia law, defamation and false light invasion of privacy claims are distinct claims, and held that there was "no impropriety in Plaintiff's assertion of both claims." *Maples v. Nat'l Enquirer*, 763 F. Supp. 1137, 1143 (N.D. Ga. 1990) (permitting both defamation and false light claims to proceed at motion to dismiss stage based on Rule 8).

A complaint need not state that the theories are being pleaded in the alternative when it is reasonable to assume that alternative theories are being sought, particularly because Rule 8 does not require a plaintiff to state which theories are being sought in the alternative. *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 536–37 (S.D.N.Y. 2002). Indeed, Rule 8(d) supports that holding: "Pleadings must be construed so as to do justice." Nevertheless, Ms. Pierce has sought to amend her complaint to expressly state that it is being pleaded in the alternative. Georgia law permits these two claims to be pleaded in the alternative (*Smith v.*

3

*Stewart*, 291 Ga. App. 86, 100 (2008)), so the Court should permit the amendment in order to allow the merits of Plaintiff's claim to be heard.

**II.      Ms. Pierce clarifies that she alleges Defendant received commercial and financial gain by misappropriating Ms. Pierce's likeness**

Although the factual allegations in the current Complaint refer to Defendant's commercial and financial gain by using Ms. Pierce's name, Defendant has argued that Ms. Pierce failed to meet this prong of the misappropriation of likeness claim.  [Def.'s Mot. Dismiss at 18-19].  Ms. Pierce seeks to add proposed Paragraphs 90-95 to specify how Defendant has commercially and financially benefitted from using Ms. Pierce's name and false information in the Segment.  Ms. Pierce has already included allegations relating to financial and commercial gain:  1) in Paragraph 14 she alleged that Warner Brothers publishes The Ellen DeGeneres Show, and 2) in Paragraphs 9 and 58, she alleges that the Segment was included on the show's website and Facebook page.  The proposed allegations clarify how these facts allege that Defendant commercially and financially benefitted from Ms. Pierce's name without her consent.

Permitting these additional clarifying allegations does not prejudice Defendant. Discovery has not yet started and the new allegations cannot surprise Defendant.  As stated in *Turner*, these allegations directly state what could have been inferred in the initial Complaint. Allowing the amendment allows the merits of the claim to be heard.  There is no reason to deny the requested amendment, and Ms. Pierce asks the Court to grant it.

CONCLUSION

Ms. Pierce has sought leave to amend her Complaint in an abundance of caution. She has not sought new claims; rather, she has only clarified and more directly stated two of her claims in response to Defendant's motion to dismiss.  It is early in the case and Plaintiff should be given a full opportunity to have her claims heard on the merits and not dismissed based on an argument

that her allegations were not sufficiently direct.  Justice requires that she be permitted to add these clarifying allegations.

Respectfully submitted this <u>30th</u> day of September 2016.

<u>/s/ Stacey Godfrey Evans</u>
Stacey Godfrey Evans
stacey@sgevanslaw.com
Georgia Bar No. 298555

**S.G. Evans Law, LLC**
1180 West Peachtree Street
Suite 2400
Atlanta, Georgia 30309
404-891-1402
678-868-1230 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing PLAINTIFF'S UNOPPOSED

MOTION FOR LEAVE TO AMEND COMPLAINT AND BRIEF IN SUPPORT with the Clerk

of Court using the CM/ECF system, which will automatically send e-mail notification of such

filing to the attorneys of record.

This <u>30th</u> day of September 2016.

<u>/s/ Stacey Godfrey Evans</u>
Stacey Godfrey Evans